BOIES, SCHILLER & FLEXNER LLP
William A. Isaacson (*admitted pro hac vice*)
wisaacson@bsfllp.com
David Boyd *(admitted pro hac vice)*
dboyd@bsfllp.com
Melissa B. Willett *(admitted pro hac vice)*
mwillett@bsfllp.com
5301 Wisconsin Ave., Suite 800
Washington, DC 20015
Telephone:  202-237-2727
Facsimile:   202-237-6131

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Telephone:  310-752-2400
Facsimile:   310-752-2490

BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
Terry W. Bird (SBN 49038)
twb@birdmarella.com
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
Telephone:  310-201-2100
Facsimile:   310-201-2110

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| InfoSpan, Inc.,<br><br>                     Plaintiff,<br><br>      v.<br><br>Emirates NBD Bank PJSC,<br><br>                     Defendant. | Case No.  8:11-CV-01062  JVS (ANx)<br><br>**DECLARATION OF DAVID  ZIFKIN IN SUPPORT OF PLAINTIFF INFOSPAN'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO LIMIT DISCOVERY OR, IN THE ALTERNATIVE, TO COMPEL FURTHER DISCOVERY RESPONSES** |

I, DAVID L. ZIFKIN, declare as follows:

1.     I am a partner with the law firm of Boies, Schiller & Flexner LLP, counsel to Plaintiff InfoSpan, Inc. ("Plaintiff" or "InfoSpan") in this action.  I make this declaration in support of Plaintiff's Opposition to Defendant Emirates NBD Bank PJSC's ("Defendant" or "Emirates Bank") Motion for a Protective Order to Limit Discovery, or, in the Alternative, to Compel Further Discovery Responses.    I have personal knowledge of the facts set out below, and could and would testify competently to those facts if called upon to do so.

2.     Attached as Exhibit A is a true and correct copy of InfoSpan's Third Supplemental Response and Objections to Interrogatory No. 1, which includes a copy of its Initial, First Supplemental, and Second Supplemental Responses as well.

3.     InfoSpan served Defendant with its Initial Response and Objections to Interrogatory No. 1 on March 22, 2013, and served its First Supplemental Response and Objections to Interrogatory No. 1 on May 1, 2013.

4.     On December 20, 2013, InfoSpan served Defendant with InfoSpan's initial expert reports in this action, including Dr. Manuel Orozco's initial expert report and Dr. Benjamin Goldberg's initial expert report.  The Orozco Report and Goldberg Report are attached as exhibits to the declarations of Dr. Orozco and Dr. Goldberg filed concurrently herewith.

5.     Defendant took the depositions of Farooq Bajwa, Laurence Scudder, and Umair Hussain on January 21, 22, and 23, 2014.  These are the only depositions that Defendant has taken thus far in this action.  I have reviewed the transcripts of these depositions.

6.     Defendant's prior attorneys took these depositions.  They introduced ninety-four exhibits during them, including two expert reports and InfoSpan's responses to Interrogatory Nos. 5 to 7.  But they chose ***not*** to introduce as exhibits, and chose ***not*** ask any questions specifically about, InfoSpan's Initial or First Supplemental Response to Interrogatory No. 1, the Orozco Report, or the Goldberg

- 1 -

Report.

7.      Attached as Exhibit B is a true and correct copy of excerpts of the deposition of Farooq Bajwa, which includes the table of exhibits.  Attached as Exhibit C is a true and correct copy of excerpts of the deposition of Laurence Scudder, which includes the table of exhibits.  Attached as Exhibit D is a true and correct copy of excerpts of the deposition of Umair Hussain, which includes the table of exhibits.  I have highlighted text in these excerpts for the Court's convenience.

8.      In January and February 2014, Defendant's prior counsel claimed that InfoSpan's First Supplemental Response to Interrogatory No. 1 (served on May1, 2013) was not consistent with the expert reports InfoSpan had subsequently served on December 20, 2013.  Attached hereto as Exhibit E is a true and correct copy of a letter from Baraa Kahf to Jennifer Milcili, dated February 6, 2014, which addresses this subject on page 2 of the letter.

9.      On February 17, 2014, InfoSpan served its Second Supplemental Response and Objections to Interrogatory No. 1.  This interrogatory response contains the same information as the First Supplemental Response, together with information that had already been disclosed in the expert reports InfoSpan served on December 20, 2013.

10.      After InfoSpan served this response, Defendant's prior attorneys did *not* complain that the Second Supplemental Response identified new trade secrets, they did *not* complain that the response failed to identify the trade secrets with sufficient particularity, they did *not* complain that Defendant suffered any prejudice as a result of the response, and they did *not* otherwise raise any issues about the response.

11.      On July 21, 2014 – *over five months after* InfoSpan served its Second Supplemental Response – Defendant's new attorneys sent InfoSpan's counsel a meet and confer letter asserting for the first time that InfoSpan's Second

DECLARATION OF DAVID L. ZIFKIN

Supplemental Response did not identify trade secrets with sufficient particularity. That letter does *not* claim that the second supplemental response identified new trade secrets and does *not* claim that Emirates Bank had suffered any prejudice or needed to reopen depositions.  Attached hereto as Exhibit F is a true and correct copy of that letter.

12.     On August 13, 2014, InfoSpan's counsel and Defendant's new attorneys spoke by telephone about various discovery-related issues.  During that call, Defendant's new attorneys claimed for the first time that InfoSpan's Second Supplemental Response to Interrogatory No. 1 was untimely.  Thus, Defendant's did not raise this issue until nearly *six months after* InfoSpan had served the Second Supplemental Response.

13.     InfoSpan's served its Third Supplemental Response and Objections to Interrogatory No. 1 on September 9, 2014.  This response addresses certain issues raised by Defendant in its counsel's July 21, 2014 letter.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 2nd day of October 2014, in Santa Monica, CA.

/s/ David L. Zifkin
David L. Zifkin

- 3 -                         DECLARATION OF DAVID L. ZIFKIN